[No. 11436.  Department Two.  April 28, 1914.]

B. F. SHIELDS, *Appellant*, v. THE CITY OF SEATTLE *et al.*,
*Respondents.*[1]

MUNICIPAL CORPORATIONS—CONTRACTS—CALL FOR BIDS—CONSTRUC-
TION. A call for bids for furnishing and delivering to a city two
combination service automobile hook and ladder and chemical trucks
and one seventy-five foot aerial truck, standing alone, warrants the
construction that it requires bids on all three pieces, so that bids on
only two pieces could be rejected.

SAME—CONTRACTS—INJUNCTION—BURDEN OF PROOF. In an action
to enjoin a city from purchasing fire trucks, on the ground that the
seller has not complied with the specifications, the plaintiff did not
sustain the burden of proof where there was nothing but argumenta-
tive statements and conclusions as to the contents of the specifica-
tions.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 31, 1913, dismissing an
action for an injunction, after a trial on the merits. Af-
firmed.

*Eugene A. Childe*, for appellants.

*James E. Bradford* and *William B. Allison*, for respond-
ents.

PARKER, J.—The plaintiff, a taxpayer and resident of
Seattle, seeks to enjoin that city and its officers from entering
into a contract for the purchase of certain fire apparatus
from the Seagrave Company, upon the ground that the price
agreed upon is greater than the lowest bid submitted in re-
sponse to the published notice inviting bids therefor. The

[1]Reported in 140 Pac. 353.

cause came on for hearing before the trial court upon the plaintiff's application for a temporary injunction, evidence being submitted by the respective parties in the form of affidavits only. At the conclusion of that hearing, it was stipulated by counsel for the respective parties that the trial court should dispose of the cause upon the merits, and that the affidavits submitted should be considered as the entire evidence before the court for that purpose. The cause being so submitted, judgment of dismissal was entered in favor of the city, and the plaintiff's prayer for relief denied. The plaintiff has appealed.

The only portion of the published notice inviting bids with which we are here concerned reads as follows:

"Notice is hereby given that sealed proposals will be received by the undersigned secretary of the board of public works of the city of Seattle up to 10 o'clock A. M., Friday, March 7, 1913, for furnishing and delivering f. o. b. Seattle, Wash., two (2) combination city service automobile hook and ladder and chemical trucks, and one (1) seventy-five (75) foot automatic aerial truck, four-wheel motor-driven or tractor drawn, for the Seattle fire department, in accordance with specifications now on file in the office of the board of public works."

Among the bids submitted in response to this notice, were the following:

Pacific Coast Fire Supply Co.
    2 combination city service hook and ladder and
       chemical trucks ............................. $12,300.00
Columbia Engineering Works.
    2 Robinson city service motor trucks............ $12,400.00
Seagrave Company.
    2 motor-propelled city service trucks............ $13,100.00
    If given contract for above, together with tractor-
    drawn aerial truck, price for three items will be... $22,000.00
    1 motor-propelled aerial truck.................... $9,575.00
    If awarded contract for above item, together with
    two city service combination hook and ladder and
    chemical trucks, price will be.................... $22,000.00

Other bids submitted are of no consequence here, since none of them could possibly be considered lower in amount than that of the Seagrave Company.

Assuming, for argument's sake, that the city charter of Seattle is mandatory in its terms in requiring contracts of this nature to be let to the lowest bidder, without any discretion whatever in the board of public service to be exercised, in view of the different makes, the main question here is: Which of these bids is the lowest? If the invitation for bids be construed as requiring bids upon the whole of the apparatus sought to be purchased—that is, all three pieces—manifestly, the bid of the Seagrave Company is the lowest bid that complies with the invitation, since the other bids above noticed do not include any aerial truck as called for in the notice. The only guide we have before us as to whether the bids were required to be for all three pieces is the language of the notice. What is in the specifications touching this subject we do not know, since we are not favored with a copy of the specifications. We are inclined to the view that even the language of the notice inviting bids, standing alone, would warrant the board of public works in construing it as requiring bids upon all three pieces. In any event, in the absence of the specifications, we cannot say that the board was not warranted in rejecting the bids which did not include the aerial truck and awarding the contract to the Seagrave Company, which, manifestly, was the lowest bid including all three pieces.

Some contention is made by counsel for appellant that there was a failure on the part of the Seagrave Company, in making its bid, to comply with the specifications. Considerable is said about the specifications in the affidavits submitted, but the information thus given is almost wholly argumentative, and statements of the conclusions and opinions of the several affiants. Manifestly, this does not furnish such information as to enable us to determine whether the Seagrave Company complied with the specifications in mak-

ing its bid or not. We are not furnished with copies of the bids; only the amounts thereof and the brief statements of the nature of the pieces. This question and also the one first discussed must be determined in favor of the city, upon the ground that appellant, having the burden of proof, has failed to show, with such clearness as to call for judicial interference, an unlawful exercise of power on the part of the board of public works, even though the charter be held to limit the board's power as claimed.

The judgment is affirmed.

CROW, C. J., MOUNT, FULLERTON, and MORRIS, JJ., concur.